**Affirmed and Majority and Dissenting Opinions filed August 10, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00328-CR

_____

**JOHN AUSTIN GARRETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 21-02-17562**

## DISSENTING OPINION

This appeal is about the punishment range, specifically the minimum sentence, either 5 or 25 years. It is not about whether appellant sexually assaulted the complainant.

There is legally-sufficient evidence that appellant committed aggravated sexual assault, which is a felony of the first degree punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years. Tex. Penal Code Ann. § 22.021(a)(1)(A)(B), (2)(B) (aggravated sexual assault of victim younger than

14 years of age), (e) (first-degree felony), § 12.32 (first degree felony punishment). Appellant does not argue the legal insufficiency of two of the three charged acts.

The State could have charged appellant with aggravated sexual assault with the same punishment range as continuous sexual abuse of a young child. There was evidence that appellant provided the complainant with alcohol during all three charges acts. But although the State charged appellant with aggravated sexual assault, the State did not charge appellant with the intent of facilitating commission of the offense, administering or providing to the complainant "any substance capable of impairing the victim's ability to appraise the nature of the act or to resist the act." *Compare* Tex. Penal Code Ann. § 21.02(h) (offense of continuous sexual abuse of a young child is punishable by imprisonment for life or for any term of not more than 99 years or less than 25 years ) *with* Tex. Penal Code Ann. § 22.021(f)(2) (minimum term of imprisonment for aggravated sexual assault increased to 25 years due to Penal Code section 22.021(a)(2)(A)(vi) (with intent of facilitating commission of offense, administers or provides to victim of offense any substance capable of impairing victim's ability to appraise nature of act or to resist act)).

From the majority's recitation of the evidence, it is clear to me there is simply no legally-sufficient evidence of an act of sexual abuse in December 2017. Because I agree that issue two should be overruled, I would sustain issue one, render judgment on the lesser-included offense of aggravated sexual assault of a victim younger than 14 years of age, and remand the case to the trial court for a new punishment hearing. *See* Tex. Code Crim. Proc. Ann. art. 44.25(b).

I dissent to this court's judgment.


/s/     Charles A. Spain
Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

Publish — Tex. R. App. P. 47.2(b).